UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-80185-BLOOM/Reinhart

MARIO MUCCIOLO,

    Plaintiff,

v.

BOCA RATON REGIONAL HOSPITAL, INC., *et al.*,

    Defendants.
_____/

## OMNIBUS ORDER

**THIS CAUSE** is before the Court upon Defendant Boca Regional Hospital, Inc.'s ("Defendant") Motion to Dismiss, ECF No. [15], and Plaintiff's Mario Mucciolo ("Plaintiff") Motion to Quash Service, ECF No. [23]. The Court has reviewed the motions, the record and applicable law, and is otherwise fully advised.  For the reasons that follow, the Motion to Dismiss, ECF No. [15], is granted and the Motion to Quash Service, ECF No. [23], is denied as moot.

Plaintiff filed this action on January 16, 2019.  ECF No. [1].  The Plaintiff amended the complaint on February 6, 2019 ("Amended Complaint"), ECF No. [5].  Plaintiff has asserted claims for wrongful death, gross negligence and recklessness related to the death of his father, Nicholas Mucciolo ("Decedent"), after complications arose from the Decedent's medical treatment at Boca Raton Regional Hospital.  ECF No. [5], at 3-4.  On May 7, 2019, the Defendant filed a Motion to Dismiss, ECF No. [15], arguing that dismissal was appropriate on several grounds, including that the Plaintiff lacked standing to bring this lawsuit, failed to comply with conditions precedent in bringing a medical malpractice lawsuit under Florida law, and that the statute of limitations for Plaintiff to bring his claims had expired.  *See generally*, ECF No. [15].  The Court notes that the Plaintiff has indeed failed to timely respond to the Motion to Dismiss, and instead

filed a Motion to Quash Service, ECF No. [23].[1] Nonetheless, after a careful review of the Amended Complaint, ECF No. [5], and the Motion to Dismiss, ECF No. [15], the Court agrees with the Defendant that dismissal is warranted.

Under Florida's Wrongful Death Act, only a decedent's personal representative may seek to recover damages caused by injury resulting in death for the benefit of decedent's survivors and the decedent's estate. *See* Fla. Stat. § 768.20; *Wagner, Vaughan, McLaughlin & Brennan, P.A. v. Kennedy Law Group*, 64 So. 3d 1187, 1191 (Fla. 2011) ("[T]he personal representative is the only party with standing to bring a wrongful death action to recover damages for the benefit of the decedent's survivors and the estate."); *see also Wiggins v. Estate of Wright*, 850 So.2d 444, 446 (Fla. 2003) ("[B]y statute, the personal representative is the only party with standing to bring a wrongful death suit on behalf of the estate and the survivors.").

Here, the above-styled action has been brought by the Plaintiff in his personal capacity as the Decedent's "aggrieved son." ECF No. [5], at ¶ 3. However, nowhere in the Amended Complaint has the Plaintiff asserted that he is the personal representative of the Decedent's estate. *See generally*, ECF No. [5]. Thus, the Court agrees that as alleged, the Plaintiff is without standing to bring this action, and the Amended Complaint is due to be dismissed. Because this issue is dispositive, the Court need not address the Defendant's other arguments for dismissal.

---

[1] In the Motion to Quash Service, Plaintiff argues that he failed to respond to the Motion to Dismiss because did not receive notice of the motion until he received the Court's Order to Show Cause via U.S. Mail. ECF No. [23], at ¶ 8. In the Certificate of Service attached to the Motion to Dismiss, Defendant certified that it had served the Plaintiff with its Motion via the email. ECF No. [15], at 10. On May 21, 2019, after the Plaintiff failed to respond to the Motion to Dismiss, the Court issued an Order to Show Cause, ECF No. [17], directing the Plaintiff to respond to the Motion to Dismiss no later than May 28, 2019. Plaintiff then filed the Motion to Quash Service seeking to quash the email service of the Motion to Dismiss, contending that because he has not consented to service by email, service was improper. ECF No. [23], at 5. Plaintiff's Motion to Quash does not address any of the issues raised in the Motion to Dismiss. *See generally*, ECF No. [23].

Case No. 19-cv-80185-BLOOM/Reinhart

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion to Dismiss, **ECF No. [15]**, is **GRANTED**.

2. The Amended Complaint, **ECF No. [5]**, is **DISMISSED WITHOUT PREJUDICE**.

3. The Motion to Quash Service, **ECF No. [23]**, is **DENIED AS MOOT**.

4. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED** as moot, and all deadlines are **TERMINATED**.

5. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 29, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Mario Mucciolo
734 Arlington Drive
Yukon, OK 73099